UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANIF CHRISTOPHER WILLIAMS,

                              Petitioner,

            v.                                      9:05-CV-182
                                                                   (FJS/DEP)

D. B. DREW, Warden, FCI Raybrook,

                              Respondent.
_____

APPEARANCES

**ANIF CHRISTOPHER WILLIAMS**
**03776-084**
FCI Ray Brook
P.O. Box 9006
Ray Brook, New York 12977
Petitioner *pro se*

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

Currently before the Court is Petitioner Anif Christopher Williams' petition for *habeas corpus* relief,[1] pursuant to 28 U.S.C. § 2241, as well as his application to proceed *in forma pauperis* and his motion to transfer this action to the Western District of Virginia. *See* Dkt. Nos. 1-3.

Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New

---

[1] The petition is comprised of two separate documents attached to each other. The pages of the first document, which is a form Section 2241 petition, are unnumbered. The second document, which Petitioner also refers to as a "Petition Pursuant to 28 USC § 2241," is paginated, beginning at page 1 and ending at page 22. For ease of reference, the Court will refer to the two documents as one submission, beginning at page 1 and ending at page 26.

York, brings this action to challenge the sentence that the United States District Court for the Western District of Virginia imposed upon him. That court sentenced Petitioner on March 24, 1994, to a term of 420 months imprisonment. *See* Dkt. No. 1 at 2. The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on March 21, 1995. *See id.* at 6; *see also United States v. Hoyte*, 51 F.3d 1239 (4th Cir. 1995). According to Petitioner, he filed a motion, pursuant to 28 U.S.C. § 2255 in the sentencing court, which that court denied on June 1, 1998. *See* Dkt. No. 1 at 6.

As a basis for his current petition, Petitioner asserts that the sentencing court enhanced his sentence based upon "'facts' [which] were not admitted by the petitioner, nor found by a jury 'beyond a reasonable doubt.'" *See* Dkt. No. 1 at 3. Relying upon the United States Supreme Court's recent decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), Petitioner contends that these enhancements violated his Sixth Amendment right to a jury trial.[2] Accordingly, Petitioner claims that he is entitled to resentencing.[3]

## II. DISCUSSION

**A.    Section 2255 and Section 2241**

A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28

---

[2] In *Booker*, the Supreme Court held that "two provisions of the Sentencing Reform Act of 1984 (SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent." *Booker*, ___ U.S. ___, 125 S. Ct. at 746.

[3] The Court notes that Petitioner does not claim that he is actually innocent of the crimes of which he was convicted.

U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). That right, however, is not unlimited. Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion. In pertinent part, this statute provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence. *See Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citation omitted). A federal prisoner, however, generally may not seek relief from his conviction or sentence pursuant to a § 2241 petition.

**B.      Section 2255's savings clause**

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack a federal conviction collaterally. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 "is inadequate

-3-

or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted).[4] In other words, this interpretation of § 2255's savings clause would appear to limit habeas relief to those circumstances in which § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377. Therefore, where a petitioner claims that § 2255's remedy is not available and also asserts a claim of actual innocence which he can prove based upon the existing record and which he could not have asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir.2003) (quotation omitted); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quotation and footnote omitted).[5]

---

[4] However, courts that have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most other situations. *See, e.g., Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review)*; Jiminian*, 245 F.3d at 147-48 (citations omitted) (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion)*; United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citation omitted) (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire.")*; Triestman*, 124 F.3d at 376 (procedural barriers to the filing of a § 2255 motion, without more, do not establish that statute's inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (citation omitted) (§ 2255's remedy is not inadequate or ineffective within the meaning of this savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

[5] In *Cephus*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of
(continued...)

**C.    Petitioner's claims**

As noted, in support of his petition, Petitioner argues that the fact that the sentencing court enhanced his sentence based upon "'facts' [which] were not admitted by the petitioner, nor found by a jury 'beyond a reasonable doubt'" violated his Sixth Amendment right to a jury trial as well as the Supreme Court's decision in *Booker*. This assertion clearly challenges the imposition of his sentence and not its execution. Thus, Petitioner's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

In his petition, Petitioner acknowledges that he previously filed a § 2255 motion in the United States District Court for the Western District of Virginia, which that court denied. *See* Dkt. No. 1 at 6. Thus, pursuant to § 2255, he may not file a second or successive motion unless he first receives the Fourth Circuit's permission to do so. *See* 28 U.S.C. § 2255. Petitioner does not claim that he sought the necessary certification from that court; instead, he merely states that he believes that the Fourth Circuit will not grant him permission to file a second § 2255 motion because "the Supreme Court has not explicitly made Booker retroactive on collateral review." *See* Dkt. No. 1 at 3.[6]

---

[5](...continued)
cases raising such serious constitutional questions would be 'relatively few . . . .'" *Cephus*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 378). The *Cephus* court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.* (quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

[6] The Court notes that, even if the Fourth Circuit were to certify a second or successive § 2255 motion, this Court would lack jurisdiction to entertain that motion because a petitioner must file such a motion in the sentencing court. *See* 28 U.S.C. § 2255.

The Court agrees with Petitioner's assessment of his chances of prevailing before the Fourth Circuit on this issue. In light of the Supreme Court's explicit pronouncement in *Booker* that "[a]s these dispositions indicate, we must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – **to all cases on direct review**." *Booker*, ___ U.S. at ___, 125 S. Ct. at 769 (citation omitted) (emphasis added), it is unlikely that the Supreme Court will find *Booker* to be retroactive to cases on collateral review. The Court also notes that, in this Circuit, a number of courts have already held that the above-quoted language makes it clear that *Booker* does not apply retroactively to cases that have reached final resolution. *See, e.g., Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (citations omitted); *Minicone v. United States*, 353 F. Supp. 2d 316, 318 (N.D.N.Y. 2005) (citation omitted); *United States v. Reyes*, No. 90-CR-584-01CSH, 2005 WL 427578, *1 (S.D.N.Y. Feb. 23, 2005) (quotation omitted).[7]

In light of his recognition that it is unlikely that a second or successive § 2255 motion is available to address his Sixth Amendment claim, Petitioner seeks to invoke § 2255's savings clause as the jurisdictional basis for his current § 2241 petition. In this case, however, nothing in Petitioner's application establishes that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention. Moreover, although it appears that § 2255's remedy is unavailable to Petitioner, that alone does not establish that this remedy is inadequate or

---

[7] Likewise, courts in other circuits that have addressed this issue have concluded that *Booker* does not apply retroactively to cases on collateral review. *See, e.g., Varela v. United States*, 400 F3d 864, 866-67 (11th Cir. 2005) (citations and footnote omitted); *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005) (citation omitted); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *United States v. Comarovschi*, No. CRIM.A.3:03 CR 00127, 2005 WL 605784, *2 (W.D. Va. Mar. 15, 2005) (citation omitted).

ineffective. Furthermore, this Court concludes that its denial of Petitioner's request to proceed under § 2255's savings clause does not raise a "serious constitutional question." *Love*, 333 F.3d at 73.[8] Therefore, the Court finds that § 2255's savings clause does not apply to this case, and this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.[9]

Finally, the Court notes that in *Tyler v. Cain*, 533 U.S. 656 (2001), the Supreme Court considered the question of whether new rules of constitutional law apply retroactively to second or successive petitions and concluded that "a new rule is not 'retroactive to cases on collateral review' **unless the Supreme Court holds it to be retroactive.**" *Id.* at 663 (emphasis added) (footnote omitted). Thus, until the Supreme Court holds that *Booker* applies retroactively to

---

[8] The Court finds support for this conclusion in the Second Circuit's decision in *Love*, in which it concluded that foreclosing an *Apprendi* challenge under § 2255's savings clause did not raise a serious constitutional question. Quoting the Eighth Circuit, the *Love* court stated that

> [w]e believe th[e] argument [that prisoners should be able to file under section 2241 because *Apprendi* claims are not reviewable under section 2255] is flawed because it attributes blame to the wrong source. [Petitioners] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion.

*Love*, 333 F.3d at 74 (quoting *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir.), *cert. denied*, 537 U.S. 869, 123 S. Ct. 275, 154 L. Ed. 2d 117 (2002)) (footnote omitted).

Likewise, in this case, because *Booker* has not been made retroactive to cases on collateral review, it is not § 2255's gatekeeping provision that is responsible for Petitioner's inability to raise his Sixth Amendment *Booker* claim; rather, it is the unavailability of the *Booker* claim itself.

[9] Alternatively, even if the Court were to construe Petitioner's application as a second or successive § 2255 motion, the Court would lack jurisdiction over such a petition. *See* 28 U.S.C. § 2255.

cases on collateral review, Petitioner cannot raise a *Booker* challenge as a basis for a second or successive § 2255 motion or a § 2241 petition. Accordingly, the Court dismisses Petitioner's petition without prejudice.[10]

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's petition is **DISMISSED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Petitioner's *in forma pauperis* application is **DENIED AS MOOT**; and the Court further

**ORDERS** that Petitioner's motion to transfer is **DENIED AS MOOT**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Petitioner.

**IT IS SO ORDERED.**

Dated: April 8, 2005
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge

---

[10] The Court notes that, if the Supreme Court subsequently holds that *Booker* applies retroactively to cases on collateral review, Petitioner may move for the appropriate relief at that time. Finally, in light of its dismissal of the instant petition, the Court denies Petitioner's motion to transfer, as well as his *in forma pauperis* application, as moot.

-8-